**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

*UNITED STATES OF AMERICA,*           )
                                      )
            *Plaintiff,*              ) Case No:  4:12-cr-33/RH
                                      )
*vs.*                                 ) Tallahassee, Florida
                                      ) February 12, 2013
*DARRYL KING,*                        ) 10 A.M.
                                      )
            *Defendant.*              )
                                      )

**TRANSCRIPT OF SENTENCING PROCEEDINGS**
**BEFORE THE HONORABLE ROBERT L. HINKLE,**
**UNITED STATES DISTRICT JUDGE**

<u>APPEARANCES</u>:

  For the Plaintiff:        Pamela C. Marsh
                            United States Attorney
                            By: ERIC K. MOUNTIN
                                Assistant U.S. Attorney
                                *eric.mountin@usdoj.gov*
                            111 North Adams Street
                            Tallahassee, Florida    32301

  For the Defendant:        Randolph P. Murrell
                            Federal Public Defender
                            By:  CHARLES W. LAMMERS
                                 Asst. Federal Public Defender
                                 *charles_lammers@fd.org*
                            227 North Bronough Street
                            Tallahassee, Florida    32301



***JUDY A. GAGNON, RMR, FCRR***
*Official United States Court Reporter*
*111 North Adams Street * Tallahassee, Florida  32301-7717*
*(850) 561-6822*

*P R O C E E D I N G S*

*(Call to Order of the Court.)*

*(Defendant present.)*

THE COURT: Good morning. Please be seated.

MR. MOUNTIN: Good morning.

THE COURT: This is United States versus Darryl King. We're here for sentencing.

Is the government ready?

MR. MOUNTIN: Yes, sir, Your Honor.

THE COURT: Defense ready?

MR. LAMMERS: Yes, Your Honor.

THE COURT: Mr. King, the procedure we're going to follow this morning is this:

First I'm going to address with the lawyers the governing statutes and the United States Sentencing Guidelines to make sure we've properly calculated the guideline range in the case.

Then Mr. Lammers will be able to make any presentation he'd like to make on your behalf, and you'll be able to say anything that you would like to say. You're not required to say anything, but you're welcome to say anything that you would like. Before we start I need to ask you this:

Have you read the presentence report and addendum and discussed those with Mr. Lammers?

THE DEFENDANT: Yes, sir.

```
 1              THE COURT:  The presentence report calculates a Total
 2   Offense Level of 31, a Criminal History Category of VI.  That
 3   produces a guideline range -- would produce a different
 4   guideline range, but because of the armed career criminal
 5   guideline, the presentence report concludes that the guideline
 6   range is 262 to 327 months.
 7              There have been no objections to that calculation.
 8   Are there any objections to the conclusion that that's the
 9   guideline range?
10              MR. MOUNTIN:  No, sir, Your Honor.
11              MR. LAMMERS:  No, Your Honor.
12              THE COURT:  All right.  And then I'll hear any
13   defense presentation.  Mr. Lammers?
14              MR. LAMMERS:  Yes.  Your Honor, this is a very
15   straightforward case in many situations but also sad in
16   others.
17              As the presentence report indicates, Mr. King has a
18   long history of these sorts of offenses and has served some
19   significant time in state court.
20              Records indicate, you know, his school records and
21   the IQ score, I hesitate to get up and speak about that,
22   because I don't want my client to think I'm somehow
23   denigrating him, but I think it's important for the court to
24   realize that Mr. King was working -- has worked at jobs, had a
25   hard time supporting himself, and he's never gotten rich off
```

```
 1   of this activity.  It's mainly been for spending money.
 2   Unfortunately, that's not a defense in any way.
 3              Your Honor, he has cooperated.  He has been
 4   debriefed.  I know that the government -- the government has
 5   assured me that they are following up on his information, and
 6   I hope that the court takes that into account when sentencing
 7   Mr. King.  And I would just ask that whatever range the court
 8   is considering, based upon Mr. King's age and also his
 9   cooperation, that the court consider sentencing at the lowest
10   end of that range that the court has in mind.
11              Thank you.
12              THE COURT:  All right.  Thank you.
13              Mr. King, would you like to make a statement?
14              THE DEFENDANT:  No, sir.  I just -- thank you.
15              THE COURT:  All right.  Thank you.
16              Mr. Mountin?
17              MR. MOUNTIN:  Your Honor, I would just follow up on
18   Mr. Lammers' comments to say that they are entirely accurate.
19   Mr. King has fully debriefed with agents with the Drug
20   Enforcement Administration.  They are following up on that
21   information.  I have a very strong expectation that there will
22   be some positive results from that cooperation, which by all
23   indications was completely credible, appeared to be thorough,
24   and the agent did not have any concerns about it lacking in
25   completeness or minimizing in any way.  Unfortunately, it's
```

*1*  more of a long-term historical type of investigation, and
*2*  Mr. King is one piece of that puzzle.  Once that piece of the
*3*  puzzle comes together, I can assure the court, I would feel
*4*  comfortable that Mr. King will have a role in that case, and
*5*  the court may be in a position to determine the impact of that
*6*  role at a future time in a possible Rule 35.  But at this
*7*  point, that's just premature for me to assess.
*8*          Thank you, Your Honor.
*9*          THE COURT:  All right.  Thank you.
*10*         Mr. Lammers, anything further from the defense?
*11*         MR. LAMMERS:  No, Your Honor.
*12*         THE COURT:  All right.  Let me tell you the sentence
*13* I'm going to impose, then explain it, then formally impose it.
*14*         I'm going to impose a sentence of 262 months in the
*15* Bureau of Prisons.  That's the low end of the guideline range.
*16* It is in the guideline range.  This is an armed career
*17* criminal range, which means it's a high range.  That's a long
*18* sentence.
*19*         It does seem to me that, given Mr. King's criminal
*20* history, that that's the appropriate sentence in the case.
*21*         I did stop to make a note as Mr. Mountin was
*22* explaining to me the cooperation that Mr. King has provided to
*23* this point.
*24*         Mr. King, as you know by now, the law provides that
*25* this sentence I just announced can be reduced if the

*1*  government files a motion saying you have provided substantial
*2*  assistance in the investigation or prosecution of others.  I'm
*3*  the one that decides whether to reduce your sentence and, if
*4*  so, how much.  The government decides whether to file a
*5*  motion, but then if they do file the motion, I'm the one that
*6*  decides the amount of any sentence reduction.
*7*           What I'm interested in in making that decision is
*8*  whether you have been completely candid.  Mr. Mountin tells me
*9*  to this point you have, and that will be a factor in your
*10* favor, if that kind of motion is filed and I go about reducing
*11* the sentence.
*12*          What you should do to get the maximum benefit from me
*13* is just be completely truthful.  Don't exaggerate thinking
*14* you're going to get more credit.  Don't hold back.  Just tell
*15* the whole truth, and let the chips fall where they may.
*16*          I don't necessarily know whether somebody is telling
*17* the truth, but I do my best to evaluate that based on the
*18* information that's provided by the parties.  The best way to
*19* have somebody conclude that you're telling the truth is to
*20* tell the truth.
*21*          THE DEFENDANT:  Yes, sir.
*22*          THE COURT:  That gives it the best chance of lining
*23* up with all the other information and the evidence.
*24*          I haven't addressed individually each of the 3553(a)
*25* factors.  I've considered them all.  And unless somebody asks

1  me to specifically address on the merits one of those other
2  factors, I'm going to leave the explanation right there.
3           MR. MOUNTIN:  No, sir.
4           THE COURT:  Mr. King, if you would, please stand for
5  the formal imposition of the sentence.
6           I find that the presentence report is accurate.
7  Based on the Sentencing Reform Act of 1984, as amended, the
8  court's judgment is that the defendant, Darryl King, is
9  committed to the Bureau of Prisons for 262 months.
10          On release Mr. King will be on supervised release for
11 six years on Count One and five years on Counts Two and Four,
12 all of that to run concurrently so that the total is six
13 years.
14          The sentence of 262 months is imposed 202 months on
15 Counts One and Two, concurrent with each other; and 60 months
16 consecutive on Count Four.  So that the combined total is 262
17 months.
18          Supervision will be under the court's standard
19 conditions and these special conditions:
20          Mr. King must report to the probation office within
21 72 hours after release from custody.
22          Mr. King must not own or possess a firearm, dangerous
23 weapon, or destructive device.
24          Mr. King must submit to testing to determine whether
25 he's using drugs or alcohol.

```
 1            Mr. King must successfully participate in substance
 2  abuse treatment consisting of an initial evaluation by a
 3  probation officer or outside provider and any further
 4  appropriate treatment.  The treatment may include cognitive
 5  behavioral therapy.
 6            Mr. King must provide the probation officer all
 7  requested financial information -- business or personal.
 8            I'll include in the judgment a recommendation that
 9  Mr. King participate in the residential drug abuse program,
10  and that he be designated as near as possible to an
11  appropriate location.
12            Is that here in Tallahassee?
13            MR. LAMMERS:  Perry, Florida, Your Honor.
14            THE COURT:  As near as possible to Perry.  And,
15  Mr. King, there is not a facility in either Tallahassee or
16  Perry, so you won't be in either one of those places, but I'll
17  recommend that you be as near as possible to Perry.  The
18  Bureau of Prisons considers a great number of factors in
19  deciding where to put someone.  My recommendation is only one
20  of those factors, so you may not be anywhere near Perry, but
21  I'll include that recommendation.
22            I find that Mr. King does not have the financial
23  ability to pay a fine.  None is imposed.
24            It is ordered that Mr. King pay a special assessment
25  of $100 per count as required by statute for a total of $300.
```

Case 4:12-cr-00033-RH-GRJ   Document 79   Filed 05/19/14   Page 9 of 10

9

```
 1                 So the total --
 2           Mr. Mountin, is there a forfeiture?
 3           MR. MOUNTIN:  No, sir.
 4           THE COURT:  The total sentence is 262 months in the
 5   Bureau of Prisons, six years of supervised release, and a $300
 6   special assessment.
 7           Are there any objections to the sentence as imposed?
 8           MR. MOUNTIN:  No, sir.
 9           MR. LAMMERS:  No, Your Honor.
10           THE COURT:  Mr. King, you have the right to appeal.
11   Any appeal needs to be filed within the next 14 days -- two
12   weeks.  If you are unable to afford a lawyer for an appeal,
13   then Mr. Lammers will continue as your court-appointed lawyer.
14   He can file a notice of appeal for you.  The clerk of court
15   also would file a notice at your request.
16           Just make sure that, if you wish to appeal, a notice
17   gets filed within the next 14 days.  You should talk with
18   Mr. Lammers right now, if you can, or at the first
19   opportunity, to make sure he has a clear understanding of
20   whether you do or do not wish to appeal in the case.
21           What else, if anything, do we need to do in
22   Mr. King's case today?
23           MR. MOUNTIN:  Nothing, Your Honor.
24           MR. LAMMERS:  Nothing, Your Honor.
25           THE COURT:  All right.  We'll be in recess in that
```

1  case.  I'm going to stay right here in the courtroom, and

2  we'll go to the next hearing.

3       (*The proceedings concluded at 10:11 a.m.*)

4                  *   *   *   *   *   *   *   *

7  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.  Any
8  redaction of personal data identifiers pursuant to the
   Judicial Conference Policy on Privacy are noted within the
9  transcript.

12  *Judy A. Gagnon*                          5/19/2014
    Judy A. Gagnon, RMR, FCRR                 Date
13  Official U.S. Court Reporter