IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.: 4:12cr33/RH/GRJ
                                                      4:14cv29/RH/GRJ

DARRYL KING

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Petitioner's amended motion to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.
(ECF No. 76.)   The Government has filed a response (ECF No. 80) and
Petitioner has filed a reply. (ECF No. 81.) The case was referred to the
undersigned for the issuance of all preliminary orders and any
recommendations to the district court regarding dispositive matters.   See
N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P.
72(b).   After a careful review of the record and the arguments presented,
the Court determines that Petitioner has not raised any issue requiring an
evidentiary hearing and that the § 2255 motion should be denied.   See
Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

On June 6, 2012, Petitioner was charged in three counts of a four count indictment with possession with intent to distribute an unspecified quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count One"); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2 ("Count Two"); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2 ("Count Four"). (ECF No. 1.)[1]

Represented by appointed counsel, Charles William Lammers, Petitioner entered a plea of guilty pursuant to a written plea agreement. (ECF Nos. 36-39.) The Presentence Investigation Report ("PSR") found that Petitioner's prior convictions qualified him as both an Armed Career Criminal and a Career Offender. (ECF No. 55, PSR ¶ 33.) With a total offense level of 31 and a criminal history category of VI, Petitioner's guidelines range was 188 to 235 months.

---

[1] Co-defendant Johnny Dwayne Davis was charged with possession of a firearm by a convicted felon in Count Three.
Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

The court sentenced Petitioner to a term of 202 months imprisonment on Counts One and Two and a consecutive 60 month term on Count Four. (ECF No. 61, 79.) His sentence also included six years of supervised release on Count One and five years of supervised release on Counts Two and Four. Petitioner did not appeal, but he timely filed his original § 2255 motion in January of 2014.

In the present motion, Petitioner raises three grounds for relief, each related to the application of the sentencing enhancement he received pursuant to the ACCA enhancement. The Government opposes the motion in its entirety.

## ANALYSIS

### *General Standard of Review*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th

Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions

of constitutional rights and for that narrow compass of other injury that

could not have been raised in direct appeal and would, if condoned, result

in a complete miscarriage of justice.'"   <u>Lynn v. United States</u>, 365 F.3d

1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental

miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S.

478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who

is actually innocent . . . ."

The law is well established that a district court need not reconsider

issues raised in a section 2255 motion which have been resolved on direct

appeal.   <u>Stoufflet v. United States</u>, 757 F.3d 1236, 1239 (11th Cir. 2014);

<u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States</u>

<u>v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36

F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a

collateral attack under section 2255.   <u>Nyhuis</u>, 211 F.3d at 1343 (quotation

omitted).    Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised.    Sanders v. United

States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by

different factual allegations . . . or supported by different legal arguments . .

. or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a

substitute for direct appeal, and issues which could have been raised on

direct appeal are generally not actionable in a section 2255 motion and will

be considered procedurally barred.    Lynn, 365 F.3d at 1234–35; Bousley

v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657

F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal

when its merits can be reviewed without further factual development."

Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).    Absent a

showing that the ground of error was unavailable on direct appeal, a court

may not consider the ground in a section 2255 motion unless the defendant

establishes (1) cause for not raising the ground on direct appeal, and (2)

actual prejudice resulting from the alleged error, that is, alternatively, that

he is "actually innocent."    Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at

622 (citations omitted).   To show cause for procedural default, a defendant

must show that "some objective factor external to the defense prevented

[him] or his counsel from raising his claims on direct appeal and that this

factor cannot be fairly attributable to [defendant's] own conduct."   Lynn,

365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel

can constitute cause.   *See* Nyhuis, 211 F.3d at 1344.

   Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.   Massaro v.

United States, 538 U.S. 500, 503 (2003); *see also* United States v.

Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).   In order to prevail on a

constitutional claim of ineffective assistance of counsel, a defendant must

demonstrate both that counsel's performance was below an objective and

reasonable professional norm and that he was prejudiced by this

inadequacy.   Strickland v. Washington, 466 U.S. 668, 686 (1984);

Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708

F.3d 1225, 1228 (11th Cir. 2013).   Strickland's two part test also applies to

guilty pleas.   Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (citing Hill v.

Lockhart, 474 U.S. 52, 58 (1985)).   In applying Strickland, the court may

dispose of an ineffective assistance claim if a defendant fails to carry his

burden on either of the two prongs.   Strickland, 466 U.S. at 697; Brown v.

United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209

F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the

performance prong if the defendant cannot meet the prejudice prong, or

vice versa.").

In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances."   Strickland, 466 U.S. at

688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th

Cir. 2007).   Reviewing courts are to examine counsel's performance in a

highly deferential manner and "must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable professional

assistance."   Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of

reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   Strickland, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.   When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   Strickland, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

    To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

test.   *See* <u>Boyd v. Comm'r, Ala. Dep't of Corr.</u>, 697 F.3d 1320, 1333–34

(11th Cir. 2012); <u>Garcia v. United States</u>, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing* <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)); <u>Wilson

v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941

F.2d 1551, 1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th

Cir. 1990) (*citing* <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between."   <u>Chandler</u>, 218 F.3d at

1313.   This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense

counsel acted.   <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v. Moore</u>, 221 F.3d

1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have

been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'"   <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams

v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit

has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.     A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief.   *See* Hernandez

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

v. United States, 778 F.3d 1230, 1234 (11ᵗʰ Cir. 2015).   A hearing is not

required on frivolous claims, conclusory allegations unsupported by

specifics, or contentions that are wholly unsupported by the record.   *See*

Winthrop–Redin v. United States, 767 F .3d 1210, 1216 (11ᵗʰ Cir. 2014)

(explaining that "a district court need not hold a hearing if the allegations [in

a § 2255 motion] are ... based upon unsupported generalizations") (internal

quotation marks omitted); Peoples v. Campbell, 377 F.3d 1208, 1237 (11ᵗʰ

Cir. 2004).   Even affidavits that amount to nothing more than conclusory

allegations do not warrant a hearing.   Lynn, 365 F.3d at 1239.   Finally,

disputes involving purely legal issues can be resolved by the court without

a hearing.

## Petitioner's Grounds for Relief

Petitioner contends, in three related grounds for relief, that he is

actually innocent of his sentence under the ACCA because his prior Florida

drug convictions are not serious drug offenses as defined in § 924(e)(2)(A),

that the district court imposed a sentence in excess of its authority when it

based the ACCA enhancement on the aforementioned prior Florida drug

convictions, and that counsel was constitutionally ineffective for failing to

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

object to the application of the ACCA enhancement on the grounds raised herein.   Even assuming that Petitioner's allegation of ineffective assistance of counsel defeats the procedural bar, his claims are without merit.

Petitioner's PSR reflects no fewer than five prior convictions involving the sale of controlled substances. (ECF No. 55, PSR ¶¶ 40-44.) He contends that his convictions arising under Fla. Stat. 893.135 and 893.13 are not "serious drug offenses" as defined by Title 18 U.S.C. § 924(e), and as such should not have been considered as ACCA predicates.

Petitioner's claims are foreclosed by United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), which specifically found that prior convictions for violations of section 893.13, Florida Statutes are "serious drug offenses" as defined by 18 U.S.C. § 924(e)(2)(A), as well as "controlled substance offenses" under U.S.S.G. § 4B1.2(b).   Smith, 775 F.3d at 1266-1268. The Smith court discussed and distinguished Donawa v. Attorney General, 735 F.3d 1275 (11th Cir. 2013), the case relied upon by Petitioner, noting that the question presented in Donawa was whether a violation of 893.13 was a "drug trafficking aggravated felony" as defined by the Immigration

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

and Nationality Act of 1965.    Smith, 775 F.3d at 1266-67. Thus, Smith

forecloses Petitioner's argument that his previous drug convictions are not

serious drug offenses. Because the drug convictions did qualify under the

ACCA, counsel was not constitutionally ineffective for failing to pursue what

would have been a meritless claim.    *See* Denson v. United States, 804

F.3d 1339, 1342 (11th Cir. 2015) (citing Freeman v. Attorney General,

Florida, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of

whether the issue is a trial or sentencing issue.    *See, e.g.*, Sneed v.

Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to

preserve meritless Batson claim not ineffective assistance of counsel);

Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel

not ineffective for failing to make a meritless objection to an obstruction

enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in

merit).

     Accordingly, because Smith forecloses Petitioner's arguments,

Petitioner is not entitled to relief, and his motion should be denied.

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that A[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant, and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The amended motion to vacate, set aside, or correct sentence (ECF No.76) should be **DENIED**.

2.   A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 2nd day of December, 2016.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:12cr33/RH/GRJ; 4:14cv29/RH/GRJ