### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                   **Case No. 4:12cr33-RH**

**DARRYL KING**

_____

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
### MOTION FOR REDUCTION IN SENTENCE

Comes now, the United States of America, by and through the undersigned Assistant United States Attorney, and files this response to defendant KING'S *pro se* motion for reduction of sentence (Doc. 119).  For the reasons set forth below, the Court should deny King's motion.

### King's crimes of conviction.

After a federal grand jury indicted King, he appeared before this Court for a change of plea to guilty, the Court adjudged him guilty of possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2  (Count One); possession of firearm by convicted felon and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and 18 U.S.C. § 2 (Count Two); and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2 (Count Four).  The Court imposed a sentence of 202 months'

imprisonment on Counts One and Two concurrent, and sixty months' imprisonment on Count Four to run consecutive. (Doc. 61).

A.    Defendant King's request to the Bureau of Prisons sentence reduction.

To the extent that Defendant's motion before the Court is construed as a request for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), it must be denied in that by all indications Defendant appears to have failed to exhaust necessary remedies. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

B.    Defendant fails to claim extraordinary reasons to justify his motion.

Alternatively, the defendant is not eligible for any § 3582(c)(1)(A) reduction because his motion does not rely on nor state any of the extraordinary and compelling reasons identified in the current version U.S.S.G. § 1B1.13, nor the proposed amendments that will go into effect on November 1. *See United States v. Bryant*, 996 F.3d 1243, 1247, 1252 (11th Cir. 2021) (holding that the court can only grant § 3582(c)(1)(A) motions for the reasons identified in § 1B1.13).

C.    If construed as a substantive challenge to the underlying sentence, the Court lacks jurisdiction to grant relief.

Finally, To the extent the Defendant might attempt to raise any substantive claims or challenges to his conviction or to the sentence imposed therein, this Court lacks jurisdiction, because the Defendant has not received permission to file a

2

successive § 2255 motion. *See* *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Therefore, the motion before the Court by Defendant King states no grounds upon which the Court either can or should grant relief, and as such, the government respectfully requests that the motion for reduction of sentence be denied.

Respectfully submitted on October 12, 2023.

JASON R. COODY
United States Attorney

*/s/ Eric K. Mountin*
ERIC K. MOUNTIN
Texas Bar No. 00784649
Assistant United States Attorney
Northern District of Florida
111 N. Adams Street, 4th Floor
Tallahassee, Florida 32301
(850) 942-8430
eric.mountin@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)

I hereby certify that this response complies with the word limitation set forth in N.D. Fla. Loc. R. 7.1(F).  This response contains 446 words.

*/s/Eric Mountin*
ERIC K. MOUNTIN
Assistant United States Attorney
Northern District of Florida

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been mailed to Darryl King, #221613-017, Federal Correctional Complex-Low, P.O. Box 1032, Coleman, Florida 33521, this 12th day of October, 2023.

/s/Eric Mountin
ERIC K. MOUNTIN
Assistant United States Attorney
Northern District of Florida